IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GABRIELA C. BELCIU and GIULIANO
BELCIU,

                Plaintiffs,

      v.

LEGACY HEALTH SYSTEMS,

                Defendant.

Case No. 3:23-cv-01632-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

      Gabriela Belciu and Giuliano Belciu (together, "Plaintiffs"), self-represented litigants,

filed this action against Legacy Health Systems ("Defendant") on November 7, 2023.[1] After

docketing a return of service on November 20, 2023, Plaintiffs moved for entry of Defendant's

---

[1] This is an employment action related to Defendant's termination of Mrs. Belciu's employment and alleged refusal to accommodate Mrs. Belciu's religious beliefs. (*See* ECF No. 1 at 3-4, 7, attaching and citing the Equal Employment Opportunity Commission's ninety-day right-to-sue letter dated August 14, 2023 and addressed to Mrs. Belciu and seeking back pay, lost wages, and anticipated loss of certain employment benefits). It is not clear from the complaint why Mr. Belciu is a named plaintiff. The Court notes that the standing doctrine involves "prudential limitations" on federal court jurisdiction, and an "important" prudential limitation is that "a litigant must normally assert his own legal interests rather than those of third parties." *McCollum v. Cal. Dep't Corr. & Rehab.*, 647 F.3d 870, 878 (9th Cir. 2011) (citation omitted).

PAGE 1 – OPINION AND ORDER

default on December 8, 2023. For the reasons explained below, the Court denies Plaintiffs'

motion.

## I.    APPLICABLE LAW

Federal Rule of Civil Procedure ("Rule") 55(a) "requires the entry of default when 'a

party against whom a judgment for affirmative relief is sought has failed to plead or otherwise

defend, and that failure is shown by affidavit or otherwise[.]'" *Villegas-Rubi v. Dynamic*

*Change, Inc.*, No. 3:17-cv-01531-HZ, 2018 WL 2724054, at *1 (D. Or. June 6, 2018) (quoting

FED. R. CIV. P. 55(a)). Rule 55(a) "uses mandatory language," but this Court's "responsibility to

enter a default order does not arise unless the party against whom the default order is sought has

been properly served[.]" *Id.*; *see also Thomas v. Bank of Am., N.A.*, 557 F. App'x 873, 875 (11th

Cir. 2014) (explaining that a district court may set aside an entry of default based on insufficient

service of process, which deprives the district court of personal jurisdiction over the defendant,

and noting that if a defendant was not properly served, any default judgment is "void") (citation

omitted).

Rule 4(h) "offers two methods for serving a corporation, partnership, or association" like

Defendant. *See Rosado v. Roman*, No. 16-cv-784-SI, 2017 WL 3473177, at *3 (D. Or. Aug. 11,

2017). One method is " delivering a copy of the summons and of the complaint to an officer, a

managing or general agent, or any other agent authorized by appointment or by law to receive

service of process and—if the agent is one authorized by statute and the statute so requires—by

also mailing a copy of each to the defendant." *Id.* (quoting FED. R. CIV. P. 4(h)(1)(B)). The

second method is to "follow state law for serving a Summons." *Id.* at *4 (citing FED. R. CIV. P.

4(h)(1)(A)).

Under Oregon law, "[s]ervice of process on a corporation . . . is governed by Rule

7D(3)(b) of the Oregon Rule[s] of Civil Procedure ('ORCP'), which provides a primary service

method and four service alternatives." *Id.* ORCP 7D(3)(b)(i), which sets forth Oregon's primary

method for service on corporations, "provides that service is to be effected '[b]y personal service

or office service upon a registered agent, officer, or director of the corporation; or by personal

service upon any clerk on duty in the office of a registered agent.'" *Id.* (quoting ORCP

7D(3)(b)(i)). This "'office service' option referenced in ORCP 7D(3)(b)(i) requires leaving

copies of the complaint and Summons at the office during normal working hours with 'the

person who is apparently in charge.'" *Id.* (quoting ORCP 7D(2)(c)). "To complete office service,

the plaintiff is required to also mail the Summons and complaint to the defendant's . . . 'place of

business or any other place under the circumstances that is most reasonably calculated to apprise

the defendant of the existence and pendency of the action.'" *Id.* (quoting ORCP 7D(2)(c)).

In addition to the primary service method, "[t]here are four other service alternatives

under Oregon law when 'a registered agent, officer, or director cannot be found in the county

where the action is filed.'" *Id.* (quoting ORCP 7D(3)(b)(ii)). Those four other service alternatives

are (1) "substituted service upon the registered agent, officer, or director," (2) "personal service

on any clerk or agent of the corporation who may be found in the county where the action is

filed," (3) "mailing in the manner specified in paragraph D(2)(d) of [ORCP 7] true copies of the

summons and the complaint to . . . the office of the registered agent or to the last registered office

of the corporation, if any, as shown by the records on file in the office of the Secretary of State,"

or (4) "upon the Secretary of State in the manner provided in [Oregon Revised Statutes] 60.121

or 60.731." ORCP 7D(3)(b)(ii)(A)-(D); *see also* ORCP 7D(2)(d)(i) (explaining that "service by

mail shall be made by mailing true copies of the summons and the complaint to the defendant by

first class mail and by any of the following: certified, registered, or express mail with return

receipt requested," and "'first class mail' does not include certified, registered, or express mail,

return receipt requested, or any other form of mail that may delay or hinder actual delivery of mail to the addressee").

## II.    ANALYSIS

The record demonstrates that Mrs. Belciu attempted to serve Defendant by mail, which is one of the service alternatives contemplated under ORCP 7D(3)(b)(ii) and indirectly under Rule 4(h)(1)(A). (*See* ECF No. 3 at 2-3, referencing service on Defendant with the U.S. Postal Service's first class mail and the "[e]xtra [s]ervice[]" of certified mail and attaching a copy of the recipient's signature) (bold omitted). Mrs. Belciu utilized the address for Defendant's registered agent on file with the Oregon Secretary of State (i.e., 1919 NW Lovejoy Street, Portland, Oregon, 97209). (*See id.* at 1, 4.) This address, however, is within "the county where [this] action [was] filed." ORCP 7D(3)(b)(ii). As a result, Plaintiffs have not demonstrated that they are entitled to utilize one of the four service alternatives under Oregon law. *See Rosado*, 2017 WL 3473177, at *4 ("As applied to district courts in Oregon, to invoke any of the alternative methods, a plaintiff must first show that a registered agent, officer, or director could not be found within the county the court is located in."). Accordingly, the Court must deny Plaintiffs' motion for entry of default because Plaintiffs have failed properly to serve Defendant. *See id.* ("Rosado has not asserted that a registered agent, officer, or director was not in the district or county in which this Court is located, nor that he . . . had to rely on these alternative methods. Accordingly, the Court agrees with LEI that it has not properly been named or served in this lawsuit.").

///

///

///

///

///

PAGE 4 – OPINION AND ORDER

**CONCLUSION**

For the reasons stated, the Court DENIES Plaintiffs' motion for entry of default (ECF No. 4).

**IT IS SO ORDERED.**

DATED this 12th day of December, 2023.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge